UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN AMOS LANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00036-NT |
| | ) | |
| | ) | |
| SCOTT LANDRY, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION**

In this action, Petitioner John Amos Lane seeks relief, pursuant to 28 U.S.C. § 2254, from

his 1985 conviction of murder in Maine state court.[1] (Petition, ECF No. 1.)[2]

Petitioner argues that based on the doctrine of equitable tolling, which he maintains is

applicable due to mental illness, he filed his petition timely.  He asserts that he is entitled to relief

due to ineffective assistance of counsel.  In particular, Petitioner contends that his counsel was

ineffective based on trial and sentencing counsel's (1) failure to move for a finding that Petitioner

was incompetent to stand trial; (2) failure adequately to investigate and develop facts regarding

Petitioner's experience with exorcism and rage; (3) failure to obtain and use Petitioner's mental

health records and records of a traumatic brain injury; (4) failure to impeach the testimony of a

state psychiatrist who treated Petitioner for psychosis and opined that Petitioner was able to

appreciate the wrongfulness of his conduct; (5) failure to move for the preparation of a presentence

---

[1] The conviction was affirmed on appeal. *State v. Lane*, 532 A.2d 144 (Me. 1987).

[2] Petitioner filed both a form petition (ECF No. 1) and an attachment (ECF No. 1-1).  Because Petitioner's argument is set forth entirely in the attachment, that document is referred to as the petition and references to "petition" are to ECF No. 1-1 unless otherwise indicated.

investigation report; and (6) failure to object to a life sentence.  Petitioner also contends that his appellate counsel failed to advise him about post-conviction review or file a petition for post-conviction review.

The State has moved for dismissal based on the timing of Petitioner's filing.  The State argues that the petition is not timely under 28 U.S.C. § 2244(d)(1), and that equitable tolling does not apply.  (Response, ECF No. 5 at 4-5.)[3]

After a review of Petitioner's motion and the State's request for dismissal, the recommendation is that the Court deny the State's request for dismissal.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In its opinion affirming the judgment of conviction, the Law Court described the facts of the crime as follows:

> On October 27, 1984, in an apartment in Auburn, defendant placed Angela Palmer, a four year old child, in an oven, placed a chair under the handle of the door to make it impossible to open from the inside, and turned the temperature controls to an extremely high temperature.  Angela Palmer died from severe burning of her body. The incident followed defendant's performance of a bizarre rite marked by religious symbols and apparently intended to free Angela's mother from the influence of certain aspects of her personality.  Defendant had a long-standing history of mental problems and he had received psychiatric treatment on many occasions prior to the incident.  His mental condition at the time of the offense was the central issue of the trial.

*Lane*, 532 A.2d at 145.  Petitioner was convicted of murder following a two-week bench trial in 1985.[4]  (State Court Record ("Record"), ECF No. 5-1 at 33-38.)

---

[3] In its response, the State writes: "In the event the Court were to deny the motion to dismiss on statute of limitations grounds, the Respondent reserves the right to submit a comprehensive response to the petition with the complete state court record."  (Response, ECF No. 5 at 1 n.1.)

[4] Venue was transferred from Androscoggin County (No. CR-84-531) to Penobscot County (No. CR-85-631) by agreement of all parties.  (State Court Record ("Record"), ECF No. 5-1 at 29, 31.)  The court found Petitioner's co-defendant not guilty of the charge of manslaughter.  (*Id.* at 40.)

Approximately one month after the trial, trial counsel moved to withdraw.  (Record at 40.)

The court granted the motion, and new counsel was appointed "to represent [Petitioner] with regard

to his appeal and any other post-trial matters which may arise."  (*Id.*)  Appellate counsel moved to

withdraw in October 1986; the motion was granted, and again new counsel was appointed.

(Record at 47.)

Petitioner appealed from the conviction and the sentence.  (Record at 41-42.)  The appeal

from the sentence was dismissed for lack of jurisdiction.  (Record at 44.)  The Law Court affirmed

the judgment of conviction.  *Lane*, 532 A.2d at 144.  (Record at 48.)  Addressing Petitioner's

contention that the evidence supported an insanity defense, the Law Court, citing the version of

the insanity defense statute applicable when Petitioner committed the crime, noted that "[t]he

burden is on defendant to prove by a preponderance of the evidence that he lacked criminal

responsibility." *Lane*, 532 A.2d at 145 (citing 17-A M.R.S. § 39(1) (1983)).[5]  The Court explained

the statutory requirements of the affirmative defense of insanity:

> The statutory test for lack of criminal responsibility requires a finding of a mental
> disease or defect, as defined in 17-A M.R.S.A. § 39(2), and a finding that, as a result
> of the mental disease or defect at the time of the conduct, defendant either lacked
> substantial capacity to conform his conduct to the requirements of the law or lacked
> substantial capacity to appreciate the wrongfulness of the conduct.  17-A M.R.S.A.
> § 39(1).  The Superior Court found that defendant established the existence of

---

[5] At the time of the offense, 17-A M.R.S. § 39 provided:

> 1.        A defendant is not criminally responsible if, at the time of the criminal conduct, as a result
> of mental disease or defect, he either lacked substantial capacity to conform his conduct to the
> requirements of the law, or lacked substantial capacity to appreciate the wrongfulness of his conduct.
> The defendant shall have the burden of proving, by a preponderance of the evidence, that he lacks
> criminal responsibility as described in this subsection.
>
> 2.        As used in this section, "mental disease or defect" means any abnormal condition of the
> mind which substantially affects mental or emotional processes and substantially impairs the
> processes and capacity of a person to control his actions.  An abnormality manifested only by
> repeated criminal conduct or excessive use of alcohol, drugs or similar substances, in and of itself,
> does not constitute a mental disease or defect.

Title 17-A M.R.S. § 39 has since been amended.  *See* P.L. 2005, ch. 263, §§ 5, 6.

3

mental disease and defect but failed to establish the remaining requirement by a preponderance of the evidence.

*Id.*

The Law Court observed that although defense counsel introduced testimony from more than one expert witness that Petitioner was psychotic at the time of the offense, "the experts offered by the prosecution testified that it was more probable that defendant was playing out the role of an exorcist or acting in rage, retaining the ability to appreciate the wrongfulness of his conduct." *Id.* at 145.

The Law Court issued its decision on October 13, 1987. *Id.* at 144. Petitioner did not seek a writ of certiorari, nor did he file an application for state court post-conviction review. According to the docket sheet, Petitioner did not seek any relief from the Court until 1989 when he filed a motion to obtain exhibits. (Record at 49.) The docket sheet reflects that Petitioner filed the motion, and trial counsel, who had previously withdrawn as counsel, acknowledged receipt of certain exhibits. (Record at 50.)

The docket sheet reflects no further activity until the trial court issued an order in August 2009 after Petitioner asserted that "he would like to pursue a second appeal." (*Id.*) The court noted that Petitioner's request "may not be frivolous," and it ordered the appointment of counsel for the limited purpose of advising Petitioner "as to whether he has any available legal recourse regarding this case and if so what it is." (*Id.*) The court permitted counsel or Petitioner to request an expansion of the representation if counsel concluded that Petitioner had a valid claim. (*Id.*) Counsel was appointed, but there was no further action on Petitioner's request. (*Id.*)

In August 2014, Petitioner filed a motion in which he requested the case file. (*Id.*) The court denied the request. (*Id.*) In September 2014, Petitioner filed an application to the Law Court

for leave to appeal the sentence. (*Id.*)  That same month, the Sentence Review Panel dismissed the appeal as untimely. (*Id.*)

Petitioner alleges that he placed the form section 2254 petition into the prison mailing system on January 19, 2015. (Petition, ECF No. 1 at 16.)  The petition was filed with the Court on January 23, 2015. (*Id.* at 1.)

The State first argues that the petition should be dismissed because Petitioner filed it after the expiration of the limitation period set forth in 28 U.S.C. §2244(d)(1) (A), which expiration occurred in April 1997. (Response at 4.)  The State also contends that all of the claims are procedurally defaulted because they were not first raised in a state court post-conviction petition, and because the time for filing a state court post-conviction petition expired long ago. (*Id.*) Finally, the State maintains that equitable tolling does not apply because (a) Petitioner's mental condition has not caused him to be institutionalized; (b) Petitioner has not been adjudged by a court to be mentally incompetent; and (c) the state court appointed counsel six years ago to assist Petitioner in the state court, but Petitioner "never followed through with any state court legal action . . . ." (Response at 5-6.)

In his reply in support of his request for relief, Petitioner argues that he pursued his rights diligently "since his fellow prisoner discovered them and sought to have [Petitioner] comprehend them," and he has "an extraordinary history of mental illness, traumatic brain injury, incapacitation by medication and 30 years of abuse . . ." (Reply, ECF No. 6 at 2.)  Petitioner contends that a causal link exists between his mental illness and his failure to file timely a petition. (*Id.*)  He alleges that his mental illness has been "treated, uninterrupted, with powerful antipsychotic and psychotropic drugs that render him incoherent and cognitively diminished, if not incapacitated." (*Id.* at 4.)

## II.   DISCUSSION

### A.  The Law Regarding Equitable Tolling

The record plainly shows that Petitioner did not file timely within any of the provisions of 28 U.S.C. § 2244(d).[6]  Although section 2244 does not explicitly provide for equitable tolling, the Supreme Court has held that the limitation period under the statute is "subject to equitable tolling in appropriate circumstances." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)).  The First Circuit has held that equitable tolling "is the exception rather than the rule," and will only be deemed justified in "extraordinary circumstances." *Id.* (quotation marks omitted).  "A habeas petitioner bears the burden of establishing the basis for equitable tolling.  To carry this burden, he must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland*, 560 U.S. at 649) (quotation marks omitted).

---

[6] Title 28 U.S.C. § 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In *Riva*, the First Circuit held that "mental illness can constitute an extraordinary circumstance, which may prevent a habeas petitioner from understanding and acting upon his legal rights and thereby equitably toll the [statutory] limitations period." *Id.* at 40. The Court, however, held that mental illness does not automatically toll the limitation period. *Id.* "There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief." *Id.* "In our view, a habeas petitioner satisfies the causation requirement if he can show that, during the relevant time frame, he suffered from a mental illness or impairment that so severely impaired his ability either effectively to pursue legal relief," or "effectively to assist and communicate with counsel." *Id.*

The First Circuit, in reviewing the trial court's denial of habeas relief, concluded in *Riva* that "[t]he medical reports in the record indicate quite clearly that the petitioner suffered from a debilitating mental illness throughout the tolling interval," and this was "bolstered by the testimonial evidence" presented to the district court. *Id.* at 41-42. The First Circuit remanded the matter after determining that (1) the district court's conclusion that the petitioner's filings constituted evidence of his ability to exercise his legal rights was based on several factual errors, *id.* at 42-43; (2) the court did not take into account the content and quality of the petitioner's filings, *id.* at 43; and (3) the court mistakenly credited the petitioner's intelligence, when the petitioner's claim was not that he was unintelligent, "but, rather, that he lacked the sanity necessary to consistently and effectively pursue his legal rights," *id.* at 44.[7]

---

[7] On remand, after receiving additional briefing and documentary evidence, the district court concluded once again that the petition was untimely and equitable tolling did not apply. *Riva v. Ficco*, No. 01-12061-MLW, 2014 WL 4165364, at *1, 2014 U.S. Dist. Lexis 116302, at *3-4 (D. Mass. Aug. 21, 2014). After evaluating the testimony of medical experts for the petitioner and the state, the petitioner's ability to litigate *pro se* and communicate with counsel, and his assistance of other inmates with their legal affairs, the district court determined that petitioner had not established that his mental illness rendered his circumstances extraordinary for purposes of equitable tolling. *Riva*, 2014 WL 4165364, at *11-18, 2014 U.S. Dist. Lexis 116302, at *33-52.

In *Trapp v. Spencer*, 479 F.3d 53, 55 (1st Cir. 2007), the First Circuit delineated several additional "factors that may influence a court's decision as to whether to grant equitable tolling in a habeas case."   *Id.* at 61.   The factors include a petitioner's diligence in pursuing state post-conviction remedies, *id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005)); any prejudice to the prosecution resulting from tolling and possible retrial, *id.* (citing *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003)); and whether the petition has merit, *id.* (citing *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002)).

The petitioner in *Trapp* sought equitable tolling to excuse a delay caused by counsel's miscalculation of the habeas limitation period.  *Id.*  The First Circuit considered the delay of almost a decade between the date on which the state conviction became final and the date on which the federal habeas petition was filed to be "a significant consideration in light of the finality concerns that motivated Congress in enacting 28 U.S.C. § 2254."  479 F.3d at 62.  The First Circuit further noted that *Trapp* "was not a death penalty case in which avoidance of error has a very high premium." *Id.*

On the merits, the Court concluded in *Trapp* that the petition "had a low likelihood of success" given that the state court had considered the claims on the merits, and the "new evidence" of a brain abnormality that the petitioner sought to introduce in his habeas action was the same as had been admitted at trial.  *Id.*  The First Circuit noted that the magistrate judge "recognized the special conditions−organic brain damage−under which Trapp operated.  Those conditions were not, however, the cause of the late filing." *Id.*  The First Circuit cited *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), in which the Ninth Circuit held "that a petitioner's mental incompetency can constitute extraordinary circumstances warranting equitable

tolling if it interferes with his ability to communicate with his attorney." *Trapp*, 479 F.3d at 62. The First Circuit affirmed the dismissal of the habeas petition. *Id.* at 63.

A trial court's rejection of a defendant's evidence of insanity at the time of the offense does not preclude a finding in a habeas action that the petitioner is entitled to the benefit of equitable tolling; the state standard for the insanity defense and the federal standard for equitable tolling are different. *Cf. Hunter v. Ferrell*, 587 F.3d 1304, 1309 (11th Cir. 2009) ("Whether a criminal defendant is competent to stand trial with an attorney is a materially different question from whether a habeas petitioner's undisputed, substantial mental retardation prevented him from filing *pro se* his § 2254 petition within [the statute's] one-year limitations period.") To succeed in state court with a defense of insanity, a defendant must demonstrate that at the time of the offense, he had a mental illness and either a lack of substantial capacity to conform his conduct to the requirements of the law or a lack of substantial capacity to appreciate the wrongfulness of the conduct. 17-A M.R.S.A. § 39(1). In contrast, to obtain the benefit of equitable tolling in a habeas action, a petitioner must demonstrate that during the federal limitation period under section 2244(d), he had a mental illness or impairment that severely impaired his ability either effectively to pursue legal relief or effectively to assist and communicate with counsel. *Riva*, 615 F.3d at 40.

### B.  The Relevant Tolling Period

Petitioner's state court conviction became final before the federal habeas statute's effective date of April 24, 1996, and, therefore, he was entitled to a one-year grace period, from April 24, 1996, through April 24, 1997, to file a habeas petition. *See Herbert v. Dickhaut*, 695 F.3d 105, 108 (1st Cir. 2012). Because Petitioner did not timely file, he must establish that he was not capable of filing during the one-year period, or at least during a meaningful portion of the period. If he cannot establish that he is entitled to equitable tolling at that point, the fact that Petitioner

9

could conceivably prove that at some later time he might have satisfied the requirements for equitable tolling is of no consequence. If Petitioner can demonstrate that he was entitled to equitable tolling during the one-year period, he must also establish that he satisfies the requirements for equitable tolling on a continuing basis until he placed his section 2254 petition into the prison mailing system for filing.[8] The need for a continuing showing of entitlement to equitable tolling results from the dual requirement that a petitioner demonstrate that he has pursued his rights diligently and that an extraordinary circumstance prevented him from making a timely filing. *Riva*, 615 F.3d at 39; *see also Rowe v. Maine*, 324 F. Supp. 2d 238, 241-42 (D. Me. 2004) (holding that the petitioner failed to demonstrate that he was mentally incapable of filing a habeas petition during the grace period from April 24, 1996 through April 24, 1997).

### C. The Parties' Arguments and the State of the Record

The record is not sufficiently developed for the Court to determine whether Petitioner is entitled to equitable tolling. The trial court found that at the time of the offense in October 1984, Petitioner had a mental disease or defect. *Lane*, 532 A.2d at 145. While the trial court's finding that Petitioner was mentally ill does not establish that Petitioner is entitled to equitable tolling, the finding certainly does not foreclose the possibility.

The relevant period for equitable tolling began in April 1996, more than ten years after the conviction. Petitioner alleges that (1) earlier in his life he suffered significant head trauma that

---

[8] This is qualified in that Petitioner would not need to establish equitable tolling for any period that is otherwise tolled by the operation of section 2244(d)(2). Under section 2244(d)(2), the time during which a properly filed application for state court post-conviction is pending is tolled. In this case, the only period that could conceivably be tolled under section 2244(d)(2) is the undetermined but necessarily brief period in 2009 when counsel undertook a limited representation of Petitioner to review the case. Nothing Petitioner filed in state court in 2014 could be considered "properly filed" under section 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a post-conviction petition that has been rejected by the state court as untimely is not 'properly filed' for purposes of section 2244(d)(2) and therefore does not toll the limitation period). The State asserts that, due to an amendment to the state post-conviction statute, 15 M.R.S. § 2128, Petitioner had a grace period to 1999 in which to file a state post-conviction petition. *See* P.L. 1997, ch. 399, §§ 3-5 (effective Sept. 19, 1997). (Response at 3.) Because Petitioner did not file a state post-conviction petition during the state grace period, the amendment to the state statute has no bearing on this case, and this Court need not resolve the issue of when that grace period was in effect. *See* § 2244(d)(2).

rendered him unconscious for several hours; (2) he was found unsuitable for re-enlistment in the military, due to mental illness; and (3) during incarceration, he has been prescribed medication for psychosis.  (Petition at 3-5.)  The allegations alone are insufficient to make the required showing for equitable tolling based on mental illness.  However, given that the allegations of mental illness are serious, given that Petitioner alleges that he was treated for psychosis during his incarceration, which could conceivably include the one-year period and beyond, and given that the trial court found that Petitioner had a mental disease or defect, Petitioner has made a *prima facie* showing that he should be entitled to present evidence on the issue.

The State nevertheless argues that summary dismissal is warranted because Petitioner has not alleged that his mental condition has caused him to be institutionalized, nor has he been adjudged by a court to be mentally incompetent.  (Response at 5-6.)  While the State's arguments might be significant in the final analysis, the arguments do not justify a dismissal at this stage of the proceedings.   As the Eleventh Circuit held in *Hunter*:

> Under the totality of the circumstances in this case, we conclude that Hunter's evidence, while not sufficient to establish definitively that the filing deadline should be equitably tolled (at all or for how long), is sufficient to raise a factual issue as to whether a causal connection exists between his mental impairment and his ability to file a timely § 2254 petition, precluding summary judgment at this juncture. Hunter's claims merit further investigation and factual development of the record.

*Hunter*, 587 F.3d at 1309-10.[9]   Similarly, in this case, Petitioner's allegations warrant further development of the record.

---

[9] If the Court adopts the recommendation, the Court could accept additional documentary evidence to resolve the equitable tolling issue.  *See Riva v. Ficco*, No. 01-12061-MLW, 2014 WL 4165364, at *1, 2014 U.S. Dist. Lexis 116302, at *3 (D. Mass. Aug. 21, 2014) ("On remand, the parties have submitted additional briefing, affidavits, and documentary evidence.")  In the interests of judicial economy, however, I recommend that the Court first determine whether the State intends to seek summary dismissal based on the merits of Petitioner's claims.  The State did not address the merits of the petition in its response.  I recommend that the Court establish a deadline by which the State must file a request for summary dismissal if it intends to seek summary dismissal on the merits.  If the State files a request for summary dismissal, and if the Court determines that an evidentiary hearing on the merits is not warranted, the timeliness issue would undoubtedly be moot.  If the State does not seek summary dismissal on the merits, or if the Court otherwise concludes that an evidentiary hearing on the merits is warranted, the Court could conduct a consolidated evidentiary hearing on the merits and the equitable tolling issue.

### III.   CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court conclude that Petitioner has established a *prima facie* case for equitable tolling.  The recommendation, therefore, is that the Court deny the State's request for a summary dismissal to the extent it is based on equitable tolling.  As set forth herein (n. 9), if the Court adopts the recommendation, I also recommend that the Court establish a date by which the State must inform the Court as to whether it intends to seek summary dismissal on the merits.  Because of that recommendation, I further recommend that the Court deny Petitioner's Motion for an Evidentiary Hearing (ECF No. 7) without prejudice.  If the State seeks summary dismissal on the merits, or if the State's request for summary dismissal is unsuccessful, Petitioner can renew his request for an evidentiary hearing on the equitable tolling issue.

#### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of May, 2015.